GIACHETTI, APPELLANT, *v.*
HOLMES ET AL., APPELLEES.

(No. 46748—Decided March 5, 1984.)

*Mr. Ralph P. Ezzo,* for appellant.
*Mr. Clarence D. Rogers, Jr.,* and
*Mr. Ricardo B. Teamor,* for appellee.

MARKUS, P.J.  Plaintiff appeals from the dismissal of three defendants from his suit for breach of contract and tortious interference with that business relationship. The trial court ruled that it lacked personal jurisdiction over those defendants and entered judgment dismissing them pursuant to Civ. R. 54(B). We conclude that plaintiff was entitled to an evidentiary hearing on the issue of personal jurisdiction. Therefore, we reverse and remand for proceedings consistent with our opinion.

I

Plaintiff's complaint alleged that defendants, Larry Holmes and Larry Holmes Enterprises, Inc., hired him and accepted his services as manager and trainer for professional boxing activities. Plaintiff claimed that they breached their written contract by terminating it without just cause and by failing to provide agreed compensation for services rendered. The complaint also alleged that defendants, Don King and Don King Productions, Inc., "maliciously and intentionally" caused the contracting defendants to breach their contract. He claimed that they induced the breach through fraudulent misrepresentations for the purpose of causing plaintiff damages and to enhance their own business relationship with Holmes.

The complaint asserts that defendant, Don King, is an Ohio resident. It acknowledges that Holmes is a nonresident and the two corporate defendants are foreign corporations. It

alleges that each of those two corporations is "doing business in Ohio," although it fails to describe the nature and extent of their business activities here. Plaintiff caused service on defendant Don King by certified mail at his alleged Ohio residence pursuant to Civ. R. 4.1(1). He caused service on the remaining defendants at their respective non-Ohio addresses by certified mail pursuant to Civ. R. 4.3.

Don King moved to dismiss on the ground that service was defective because he did not reside in Ohio. The remaining defendants sought dismissal on the ground that they were not subject to service for this action under the provisions of Civ. R. 4.3. In addition to his brief in opposition, plaintiff filed an affidavit. It stated that he acted as an agent in Ohio for all defendants and that his business activities were performed for them in Ohio. Defendants filed affidavits disputing the facts asserted in plaintiff's affidavit. The trial court granted the dismissal motions for the three admittedly non-resident defendants without a hearing. Thereafter the court entered judgment dismissing those three defendants by expressly noting that there was no just reason for delay of that partial judgment. Plaintiff's sole assigned error contends:

"The court below erred in its determination that it lacked personal jurisdiction over these defendants/appellees, when, in fact: a) Allegations in the complaint were sufficient to establish the requisite minimum contacts, and, b) the Ohio Long Arm Statute and the decisional authority interpreting it, clearly support such an excercise [sic] of jurisdiction; c) Plaintiff's affidavit clearly shows that he at all times acted as an agent for these defendants from his office in Ohio."

Plaintiff argues that the trial court erroneously dismissed the three non-resident defendants in this action. He would have this court conclusively decide the jurisdictional issue. We decline to reach any conclusion on that subject. Because of our procedural disposition of this appeal, the determination of that issue will rest in the first instance with the trial court on remand.

Where a defendant asserts that the court lacks personal jurisdiction over him, the plaintiff has the burden to establish the court's jurisdiction. *Jurko* v. *Jobs Europe Agency* (1975), 43 Ohio App. 2d 79, 85 [72 O.O.2d 287]. In deciding the merits of that defense, the court may hear the matter on affidavits, depositions, interrogatories, or receive oral testimony. Matters of jurisdiction are very often not apparent on the face of the summons or complaint. *Id.*

If the court determines its jurisdiction without an evidentiary hearing, it must view allegations in the pleadings and documentary evidence in the light most favorable to the non-moving party. The court must resolve all reasonable competing inferences in favor of such non-moving party. *Barile* v. *Univ. of Virginia* (1981), 2 Ohio App. 3d 233, 234; *Welsh* v. *Gibbs* (C.A.6, 1980), 631 F.2d 436, 439.

If the court holds no evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to withstand the motion to dismiss. If plaintiff produces evidence from which reasonable minds could find personal jurisdiction, the court must refuse dismissal, absent an evidentiary hearing. *Priess* v. *Fisherfolk* (S.D. Ohio 1982), 535 F.Supp. 1271, 1275.

The court can conduct such an evidentiary hearing on the motion, at the trial, or at a separate trial on that defense. At the evidentiary hearing or the trial, the plaintiff still bears the burden of proving jurisdiction by a preponderance of the evidence. *Id.* at 1275; *Jurko, supra.*

Civ. R. 4.3 permits service on a non-

resident person or corporation outside Ohio[1]:

"* * * [W]ho, acting directly or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

"(1) Transacting any business in this state;

"(2) Contracting to supply services or goods in this state;

"(3) Causing tortious injury by an act or omission in this state * * *;

"(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;

"(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state * * *;

"(6) Having an interest in, using, or possessing real property in this state;

"(7) Contracting to insure any person, property, or risk located within this state at the time of contracting;

"(8) Living in the marital relationship within this state * * *."

Construing the complaint and affidavits in the light most favorable to plaintiff, we find that the following facts have support in the record:

(A) Defendants knew that plaintiff was an Ohio resident;

(B) The non-resident defendants transacted business in Ohio;

(C) Plaintiff was the business agent for these three defendants;

(D) Plaintiff performed a significant part of his services for these defendants in Ohio;

(E) Defendants derive substantial revenue from the services performed in this state;

(F) The breach of plaintiff's employment contract would have an economic impact in this state; and

(G) The economic loss resulting from tortious interference with contract occurred in Ohio, so the claim "arose" here. (Cf. *Lachman* v. *Bank of Louisiana* [N.D. Ohio 1981], 510 F.Supp. 753.)

We conclude that plaintiff made a prima facie showing of personal jurisdiction, for the purpose of withstanding a motion to dismiss, and for that purpose only. Therefore, the trial court erred by granting the non-resident defendants' motion to dismiss without holding an evidentiary hearing. We express no opinion whether plaintiff can or will carry his ultimate burden of proving jurisdiction by a preponderance of the evidence.

Plaintiff's single assigned error has merit. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NAHRA and PATTON, JJ., concur.

---

[1] Both counsel refer in their briefs to comparable provisions in the Ohio "long-arm" statute (R.C. 2307.382). The Civil Rules presumably supersede the comparable statutory language. See Section 5, Article IV, Ohio Constitution. Further, service can only be accomplished for non-resident defendants by procedures prescribed in Civ. R. 4.3(B) which implement the service allowed by Civ. R. 4.3(A).