DECISION.
Plaintiff-appellant, Joan A. Heffernan, appeals the judgment of the Hamilton County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Options Associates, Inc., and Karen Jasper, in an action for fraud. For the following reasons, we affirm the judgment of the trial court.
Heffernan is an attorney who practiced in Cincinnati. In 1995, she filed a claim for disability insurance under a policy with UNUM Life Insurance Company of America ("UNUM"), a company headquartered in Maine. UNUM contracted with Options Associates, Inc., to provide a report on Heffernan's employability. Jasper was an employee of Options, which had its principle place of business in Massachusetts.
Options, in turn, entered into a contract with Worksource International[1] to conduct a market survey of attorney positions in Cincinnati. Based in part upon the information provided by Worksource, Jasper prepared the report for UNUM. UNUM thereafter denied Heffernan's claim for disability benefits.
In February 2000, Heffernan filed a complaint against Options and Jasper (collectively, "Options"), alleging that they had fraudulently prepared the report to provide a justification for UNUM's denial of benefits. Options filed a motion to dismiss for lack of personal jurisdiction, and, in an entry journalized July 31, 2000, the trial court granted the motion to dismiss.
On appeal, Heffernan advances a single assignment of error, in which she argues that the lower court erred by concluding that it lacked personal jurisdiction over Options and by dismissing the complaint.[2]
For the reasons that follow, we find the assignment to be unpersuasive.
When the defense of lack of personal jurisdiction is asserted in a motion to dismiss a complaint, the plaintiff has the burden to establish the trial court's jurisdiction.[3] When the court decides the issue ofjurisdiction without an evidentiary hearing, it must view the allegations in the pleadings and any evidentiary material most favorably towards the nonmoving party and resolve all inferences in favor of the nonmoving party.[4] In the absence of a hearing, the plaintiff need only make a prima facie case to demonstrate jurisdiction in order to defeat a motion to dismiss.[5]
In determining whether an Ohio court has personal jurisdiction over a nonresident defendant, the court must apply a two-part test. It must determine (1) whether Ohio's long-arm statute, R.C. 2307.382 and the complementary civil rule, Civ.R. 4.3, confer jurisdiction, and (2) whether granting jurisdiction comports with the Due Process Clause of theFourteenth Amendment to the United States Constitution.[6]
Heffernan relies on R.C. 2307.382(A)(6) for the proposition that the lower court had personal jurisdiction over Options. That statute provides, in part, that jurisdiction may be asserted over a nonresident defendant who causes "tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state ***. Heffernan argues that the knowledge on the part of Options that Heffernan was a resident of Ohio made it foreseeable that its fraudulent activity would result in harm in this state. While we acknowledge the arguments of Options that it had no direct control over the denial of benefits and therefore no reason to foresee that tortious injury would be caused in Ohio, we accept, arguendo, Heffernan's assertion.
Nonetheless, even accepting Heffernan's argument that the instant case falls within the purview of R.C. 2307.282(A)(6), we hold that the due-process rights of Options would be violated by the exercise of personal jurisdiction. The Due Process Clause protects a party's liberty interest in not being subject to the judgments of a forum with which that party has established no meaningful contacts, ties or relations.[7] It is essential to due process that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.[8] As this court has held, the actions of the defendant in the forum state must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.[9]
In the case at bar, Heffernan has cited no meaningful contacts that Options had with Ohio to make the exercise of personal jurisdiction reasonable. It is undisputed that Options conducted no business in Ohio, and that the contract under which the report in question was prepared had been entered into with a company operating in Maine. While Heffernan emphasizes that Options contracted with Worksource to conduct a survey of Cincinnati employers, we cannot say that this contact alone provided a basis for personal jurisdiction. First, the evidence indicated that Worksource was an independent contractor that made the decision to conduct the survey in the manner that it did. Further, even if it were shown that Worksource was an agent of Options, a single survey of Cincinnati employers would be too tenuous to render personal jurisdiction proper. The contact cited by Heffernan is insufficient to demonstrate that Options had purposely availed itself of the privilege of conducting activities within Ohio or that it had invoked the benefits and protections of Ohio law.
Heffernan cites Calder v. Jones[10] for the proposition that the exercise of Ohio jurisdiction is proper. In Calder, the defendants were employees of a national publication with a substantial percentage of its total circulation in California.[11] The allegedly defamatory statements were based upon sources located in California, and the magazine article in question was published in California.[12] Based upon those circumstances, the United States Supreme Court held that the defendants could have reasonably anticipated being subject to the jurisdiction of the California courts.[13]
As Options aptly notes, the case at bar is distinguishable fromCalder. Here, the defendants did not conduct any business in the forum state. Their contacts with Heffernan were established through a contract with a corporation located in Maine. Unlike the publication in Calder, Options did not avail itself of the privilege of operating in the forum state and did not engage in activities that would have caused it to "anticipate being haled into court"[14] in Ohio. Bearing in mind that the fundamental inquiry under the Due Process Clause is whether the exercise of jurisdiction would be reasonable,[15] we hold that the trial court properly declined to exercise jurisdiction over Options. Heffernan's assignment of error is accordingly overruled, and the trial court's judgment is affirmed.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] The record does not reflect the principal place of business of Worksource International.
[2] Although the motion to dismiss was predicated both upon lack of personal jurisdiction and improper venue, the trial court's entry does not indicate the basis upon which the complaint was dismissed. The entry does reflect that the court had reviewed the pleadings, the motion, and the responses. The parties have briefed and argued only the issue of personal jurisdiction in the proceedings before this court. Accordingly, we confine our discussion to that matter.
[3] Estate of Poole v. Grosser (1999), 134 Ohio App.3d 386, 391,731 N.E.2d 226, 229.
[4] 4 Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307,471 N.E.2d 165, 167.
[5] Id.
[6] See Estate of Poole, supra.
[7] Burger King v. Rudzewicz (1985), 471 U.S. 462, 471-472,105 S.Ct. 2174, 2181-2182.
[8] Hanson v. Denckla (1958), 357 U.S. 235, 253, 78 S.Ct. 1228,1239-1240.
[9] See Cincinnati Art Galleries v. Fatzie (1990), 70 Ohio App.3d 696,699, 591 N.E.2d 1336, 1338.
[10] (1984), 465 U.S. 783, 104 S.Ct. 1482.
[11] Id. at 785, 104 S.Ct. at 1484-1485.
[12] Id.
[13] Id. at 790, 104 S.Ct. at 1487.
[14] Id. We note that the Calder court discussed jurisdiction in terms of the employees only, because the publication itself did not contest jurisdiction. In the case at bar, neither the corporation nor the employee was shown to have established contacts with Ohio.
[15] See Fatzie, supra.