JOURNAL ENTRY AND OPINION
{¶ 1} American Office Services, Inc. ("American") appeals from an order of Cleveland Municipal Court Judge Ronald B. Adrine that dismissed its complaint against Sircal Contracting Inc. ("Sircal"), a Missouri-based company, for lack of personal jurisdiction. American claims Sircal submitted to the jurisdiction of Ohio courts when, by telephone and mail, it negotiated a contract for upholstery work in Missouri, at American's Cleveland office. We affirm.
 {¶ 2} In early 2001 Sircal was one of several contractors who submitted bids to renovate Ellis Auditorium on the University of Missouri's Columbia campus. Because American had provided services to the University on other occasions, it received information about the project from the University and sent subcontractor bids for upholstery work to five or six contractors, including Sircal. Sircal then contacted American by telephone, the parties executed a contract, and American's employees went to Missouri to perform the work. All contract terms and contact between the parties were by telephone, facsimile, or mail.
 {¶ 3} A dispute arose about the quality of American's work, Sircal refused to make complete payment, and American filed suit seeking $2,723.30 plus interest on the contract, a declaratory judgment that it is not liable for allegedly defective seat backs, and attorney fees and costs. Sircal entered a special appearance, moved to dismiss for lack of personal jurisdiction and the judge granted the motion. He found that the contract was "properly venued" in Missouri because the contract specified that Missouri law would apply, and that the telephone negotiations were insufficient to constitute "transacting any business" under Ohio's long-arm jurisdiction statute.[1]
 {¶ 4} American asserts three arguments in a single assignment of error set forth on Appendix A. It claims: (1) that the telephone contact initiated by Sircal was sufficient to provide personal jurisdiction under both R.C. 2307.382(A)(1) and under federal due process law; (2) that the contract's choice-of-law provision does not mandate that Missouri be the forum for any litigation; and (3) that the contract provision calling for mediation to take place in Missouri does not mandate that litigation take place in Missouri.
 {¶ 5} Personal jurisdiction exists if a state's long-arm statute reaches the party over whom jurisdiction is sought and if the exercise of that jurisdiction is consistent with federal due process standards.[2]
Due process analysis requires showing both sufficient "minimum contacts" between the nonresident and the forum state, and that the exercise of jurisdiction would be consistent
 {¶ 6} with "traditional notions of fair play and substantial justice."[3] Although motions to dismiss under Civ.R. 12 are normally heard on the pleadings alone, a motion challenging personal jurisdiction can be decided with the aid of outside evidence.[4]
 {¶ 7} Where a judge decides a Civ.R. 12(B)(2) motion without a hearing, a plaintiff need only make a prima facie showing of personal jurisdiction, while a decision made following an evidentiary hearing requires proof by a preponderance of evidence.[5] Because this case was decided upon affidavits alone we apply the prima facie standard, even though it appears the preponderance standard is appropriate when American did not request a hearing or suggest that further evidence was available or would be helpful. In this case, however, the distinction is minimal because both parties rely on the same facts.
 {¶ 8} Although a grant of a Civ.R. 12(B)(2) motion is considered a disposition otherwise than on the merits,[6] the dismissal is, nevertheless, final under R.C. 2505.02. The order prevents further litigation in Ohio and, therefore, the denial of personal jurisdiction must be considered either an order that "prevents a judgment"[7] or an order that grants a "provisional remedy" and satisfies finality requirements.[8] If the order were considered not final, no litigant would be able to appeal the grant of a Civ.R. 12(B)(2) motion to dismiss.[9]
 {¶ 9} American contends that R.C. 2307.382(A)(1) is broad enough to reach Sircal because, in Kentucky Oaks Mall Co. v. Mitchell's FormalWear, Inc., supra, the Ohio Supreme Court interpreted the phrase "transacting any business" to include the telephonic contractual negotiations described here, and also found such negotiations sufficient to satisfy federal due process standards.[10] Sircal counters thatKentucky Oaks Mall Co. is not controlling because the tenant was "transacting business" when it negotiated and entered into a ten-year lease agreement with the Ohio company, which created "ongoing duties and obligations for the life of the contract."[11] Each party cites appellate court authority for its position,[12] and while the holding of Kentucky Oaks Mall Co. is limited to a lessee who becomes obligated to make payments in Ohio, the Court's discussion suggests that the phrase "transacting any business" is not logically restricted by a requirement that the transaction create a continuing relationship.
 {¶ 10} Nevertheless, even if we found that Sircal transacted business under R.C. 2307.382, its contacts with Ohio are not sufficient to satisfy federal due process standards. That analysis requires a demonstration that Sircal's conduct in Ohio shows a deliberate intent to conduct business here and to take advantage of the "benefits and protections" of Ohio law, such that it can reasonably be expected to submit to jurisdiction in Ohio as well.[13] Even if there is confusion about the scope of the phrase "transacting any business," whether a transaction is part of a continuing relationship is significant in due process analysis.[14] Other factors are also considered to determine not only if it is fair to subject the nonresident to litigation in this state, but also whether asserting jurisdiction here will encroach on another state's sovereign interest.[15]
 {¶ 11} The parties agree that American initiated contact with Sircal by submitting an unsolicited subcontractor bid for the project, and that Sircal then negotiated a contract with American whose employees performed the work in Missouri. Under these circumstances Sircal, which had not transacted business in Ohio before, did not reasonably subject itself to Ohio law; instead, it responded to American's desire to do business in Missouri and subject itself to the laws of that state.
 {¶ 12} Who initiates the business contact is often a significant factor in determining whether a party deliberately pursued the benefits of doing business in that state[16] and American, not Sircal, initiated that contact. Despite its claims that Sircal deliberately subjected itself to Ohio jurisdiction by negotiating the contract, American cannot avoid the fact that it initiated those discussions by bidding on a contract to be performed in Missouri.
 {¶ 13} Although the contract's choice-of-law and mediation provisions do not mandate that Missouri be the forum, those provisions are significant when considering the entirety of the Ohio contacts and determining whether Sircal reasonably subjected itself to Ohio jurisdiction.[17] The facts here do not suggest that Sircal reasonably anticipated being subject to suit in Ohio, and do suggest that Missouri has a considerable sovereign interest in acting as the forum, while Ohio has comparably little interest. We overrule the assignment of error.
Judgment affirmed.
APPENDIX — ASSIGNMENT OF ERROR
 {¶ 14} "The trial court incorrectly granted defendant/appellee's motion to dismiss complaint for lack of personal jurisdiction because defendant/appellee transacted business with an Ohio resident and established sufficient minimum contacts with an Ohio resident so as to be subject to Ohio's long-arm statute and so that personal jurisdiction comports with due process requirements of the fourteenth amendment to the United States Constitution."
Sean C. Gallagher and James D. Sweeney, JJ., concur.
[1] R.C. 2307.382, and Civ.R. 4.3.
[2] Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990),53 Ohio St.3d 73, 75, 559 N.E.2d 477.
[3] Id. at 76, quoting Internatl. Shoe Co. v. Washington (1945),326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95.
[4] Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307, 14 OBR 371, 471 N.E.2d 165.
[5] Id.
[6] Civ.R. 41(B)(4); Perry v. Eagle-Picher Industries, Inc. (1990),52 Ohio St.3d 168, 173, 556 N.E.2d 484.
[7] R.C. 2505.02(B)(1).
[8] R.C. 2505.02(B)(4).
[9] We express no opinion, however, on whether denial of a Civ.R. 12(B)(2) motion would be immediately appealable.
[10] Kentucky Oaks Mall Co., 53 Ohio St.3d at 76-77.
[11] Id. at 76.
[12] See KB Circuits Inc. v. BECS Technology, Inc. (Jan. 18, 2001), Franklin App. No. 00AP-621 (single transaction sufficient); Martyn Assoc. Co., L.P.A., v. Frank Minardo, Inc. (Nov. 30, 2000), Cuyahoga App. No. 77683 (citing Kentucky Oaks Mall Co. for proposition that continuing relationship is required).
[13] U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods,Inc., 68 Ohio St.3d 181, 186-187, 1994-Ohio-504, 624 N.E.2d 1048. (Citations omitted.)
[14] Id.
[15] Id.
[16] KB Circuits Inc.; Martyn Assoc. Co., L.P.A.; Friedman v.Speiser, Krause Madole, P.C. (1988), 56 Ohio App.3d 11, 14,565 N.E.2d 607.
[17] See Kentucky Oaks Mall Co., 53 Ohio St.3d at 78 (choice-of-law provision does not control forum but "may be a significant factor in the overall picture[.]").