JOURNAL ENTRY and OPINION
{¶ 1} This is an appeal from a motion to dismiss for want of personal jurisdiction. Plaintiff James Edwards, M.D. and his wholly-owned corporation, Eye Medical and Surgical Associates, Inc., worked for a medical partnership called Advantage Health. When Advantage Health suspected that Edwards had engaged in billing irregularities, it sought a peer review of his billing and treatment. Defendant Laura King, M.D., a Georgia physician, conducted the review, and her critical report ultimately led to her being contacted by the United States Attorney for the Northern District of Ohio to conduct further reviews of Edwards' work in preparation for possible criminal action against him. The government indicted Edwards for billing fraud, and King later testified for the government as an expert witness at his trial. A jury acquitted Edwards on all counts, and he brought this defamation action against King seeking compensation for alleged defamatory statements King made during the peer review of Edwards' practice. King resided and practiced medicine in Georgia, so she resisted the assertion of jurisdiction over her person by filing a Civ.R. 12(B)(2) motion to dismiss. The court granted the motion without a hearing and this appeal followed.
 I {¶ 2} In U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K'sFoods, Inc. (1994), 68 Ohio St.3d 181, 183-184, the supreme court held that when a challenge is raised to the court's assertion of personal jurisdiction over a defendant, the court must determine whether the state's long-arm statute and applicable civil rule confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.
 {¶ 3} R.C. 2307.382(A) states that the court "may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [t]ransacting any business in this state * * *." Likewise, Civ.R. 4.3(A)(1) authorizes out-of-state service of process on a defendant who is "transacting any business in this state."
 {¶ 4} In Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.
(1990), 53 Ohio St.3d 73, 75, the supreme court noted that the statute and rule are very broadly worded, and the term "transact" is more encompassing than the term "contract." Indeed, Ohio's interpretation of the long-arm statute is at the "full outer limits" of that permitted by due process limitations. See Columbus Show Case Co. v. CEE Contracting,Inc. (1992), 75 Ohio App.3d 559.
 {¶ 5} As noted, the court considered the merits of the jurisdictional motion based on the record and supporting affidavits, without an evidentiary hearing. In Giachetti v. Holmes (1984), 14 Ohio App.3d 306,307, we set forth the standard of review we apply under the circumstances:
 {¶ 6} "If the court determines its jurisdiction without an evidentiary hearing, it must view allegations in the pleadings and document evidence in the light most favorable to the non-moving party. The court must resolve all reasonable competing * * * inferences in favor of such non-moving party.
 {¶ 7} "If the court holds no evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to withstand the motion to dismiss. If plaintiff produces evidence from which reasonable minds could find personal jurisdiction, the court must refuse dismissal, absent an evidentiary hearing." (Internal citations omitted.)
 {¶ 8} We review the court's decision to grant a dismissal de novo. Id.
 II {¶ 9} In her motion to dismiss, King included an affidavit which stated the following facts: as a practicing physician, part of her practice includes performing peer review analysis. In 1997, she contracted with the Boston, Massachusetts office of CORE, Inc., a Maine company, to perform peer review analyses. It appears that CORE contracted with Advantage Health, the non-profit corporation that employed Edwards, to review Edwards' billing procedures. In May 2000, CORE sent to King for review copies of medical records that had all physician and patient information redacted. King knew that the peer review analysis had been requested by Advantage Health, but did not know the location of Advantage Health. She subsequently issued a review that criticized the coding employed in about one-half of the cases submitted to her, and identified "significant quality of care" issues.
 {¶ 10} In June 2001, the office of the United States Attorney for the Northern District of Ohio contacted King about her peer review, apparently in regard to a criminal prosecution of Edwards. At that time, she began to "review medical charts and render opinions about medical necessity of services billed to insurers, and whether the services billed were actually provided" on behalf of the United States Department of Justice. Subsequent correspondence shows that in November 2001 and 2002, the United States Attorney forwarded records to King and asked her to review them for possible fraudulent billing by Edwards. The government later indicted Edwards on criminal fraud charges, and King testified for the government as an expert witness. A jury found him not guilty on all counts.
 {¶ 11} Edwards' primary argument in support of the court's personal jurisdiction over King centers on her contacts with the state of Ohio; namely, King's performance of consulting services under the contract she signed with the United States Attorney. He maintains that King signed a contract in Ohio, received payment for her services, and traveled to this state in order to perform her obligations under the contract. He thus concludes that this activity constitutes "transacting business" in a manner sufficient to invoke long-arm jurisdiction.
 {¶ 12} While Edwards' argument has superficial appeal, we find that it cannot prevail under a closer examination of the facts, even when the facts are viewed in a light most favorable to him.
 {¶ 13} The evidence shows that up until the time she signed the contract with the government, King had no contacts whatsoever with Ohio. She contracted with CORE through its Boston office, and sent all of her correspondence to Boston. At no time did she have any direct business transactions in Ohio. To be sure, Advantage Health contracted with CORE, but that fact did not establish the kind of contacts between King and Ohio that are necessary to find that she transacted business in this state.
 III {¶ 14} The remaining basis for finding that King established minimum contacts in Ohio necessary for the imposition of personal jurisdiction is her work as an expert for the government in preparation of Edwards' criminal trial.
 {¶ 15} The evidence, viewed in a light most favorable to Edwards, showed that the government contacted King in Georgia and asked her to review Edwards' billing procedures. King worked pursuant to a contract she signed with the Department of Justice, in which she agreed to appear as "a witness on behalf of the Government, act as an ADR Neutral, or Litigative Consultant." The evidence further shows that the government sent King a number of Edwards' files, asking her to evaluate the necessity of his treatment and whether the treatment had been performed as billed. There is no other evidence to show that King acted in any capacity other than as an expert for the government, nor does the evidence permit any inference to that effect.
 {¶ 16} We find the court correctly held that King's contacts with the state of Ohio consisted solely of billing the Department of Justice for her services as an expert witness in Edwards' criminal trial. As an expert witness, King enjoyed immunity from any tortious acts she allegedly committed in that capacity. This absolute immunity "extends to all persons, whether governmental, expert, or lay witnesses, integral to the trial process." Storck v. Suffolk County Dep't. of Soc. Servs.
(E.D.N.Y. 1999), 62 F. Supp.2d 927, 945, citing Briscoe v. LaHue (1983),460 U.S. 325, 341-342. See, also, Buckley v. Fitzsimmons (C.A.7, 1990),919 F.2d 1230, rev'd in part on other grounds (1993), 509 U.S. 259.
 {¶ 17} The evidence detailed above shows that King's direct contacts with Ohio came about as a result of her recruitment to serve as an expert for the government's case against Edwards. Because she received absolute immunity from all prosecution related to her work as an expert, Edwards cannot prevail against King on his substantive claims for defamation. The court correctly dismissed those elements of the action.
 IV {¶ 18} There being no long-arm jurisdiction for King's work for CORE, Edwards cannot prevail on his claims against her for the initial review of his work. Likewise, King's immunity for her actions while serving as an expert witness shield her from those aspects of Edwards' claims that directly relate to any of her contacts with Ohio. We find there is no evidence from which reasonable minds could conclude that Edwards established a prima facie case for the assertion of personal jurisdiction over King. Hence, the court did not err by dismissing the action.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Cooney, J., concur.
(*SITTING BY ASSIGNMENT: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.)