DECISION.
Plaintiff-appellant Wendy West appeals the trial court's granting of defendant-appellee Trace American Inc.'s motions to dismiss for lack of personal jurisdiction and for failure to state a claim for relief. Because Trace American did not engage in substantial activities in Ohio that would have caused it to reasonably anticipate being haled into court in Ohio, the trial court properly dismissed West's claims for lack of personal jurisidiction. But because of that ruling, the trial court was without authority to reach the merits of the claims under Civ.R. 12(B)(6).
West, a resident of Indiana, was injured when her car was struck from behind by a vehicle driven by defendant Lloyd Malicoat. The accident occurred in Ohio. She brought a negligence claim against Malicoat and his insurer, defendant American Home Assurance Company. West subsequently amended her complaint to add claims of intentional and negligent infliction of emotional distress and invasion of privacy against Trace American, an investigative firm hired by American Home Assurance to investigate West's claims. Trace American is a Florida corporation.
West reached a voluntary settlement of her claims against Malicoat and American Home Assurance. Only Trace American remained as a party. It filed a motion to dismiss West's claims for lack of personal jurisidiction and for failure to state a claim upon which relief could be granted. The trial court granted both of Trace American's motions in a single judgment entry.
In her first assignment of error, West claims that the trial court erred in granting Trace American's motion to dismiss for lack of personal jurisdiction under Civ.R. 12(B)(2). Having reviewed the entire record, we find no error in the trial court's judgment that it lacked personal jurisdiction to proceed. *Page 2 
Where a party moves for dismissal based upon lack of personal jurisdiction, the nonmoving party bears the burden of establishing the court's jurisdiction.[1] When, as here, the trial court does not hold an evidentiary hearing, the trial court is required to view allegations in the pleadings and the documentary evidence in a light most favorable to the nonmoving party, resolving all reasonable competing inferences in that party's favor.[2] To defeat the motion to dismiss in this case, West was required only to make a prima facie case to demonstrate jurisdiction.[3] We review the trial court's grant of the motion de novo.[4]
For the trial court to exercise personal jurisidiction over Trace American, West had the burden to demonstrate both (1) that Trace American was amenable to suit under Ohio's long-arm statute and the applicable civil rule,[5] and (2) that the exercise of personal jurisidction over Trace American would comport with the federal due-process requirements.[6]
Trace American's motion to dismiss was supported by the affidavit of its general manager. West was given the opportunity to reply and filed the affidavit of her trial counsel, who recounted information about Trace American that he had obtained from another insurance company's investigator. With any competing inferences resolved in West's favor, the factual allegations of the pleadings and the limited evidentiary material before the trial court revealed only that Trace American had no Ohio presence and did not conduct business in Ohio suffcient to vest the trial court with personal jurisidiction over it. *Page 4 
Trace American was a Florida corporation that maintained its principal place of business there. Trace American had no offices and employed no agents or independent contractors in Ohio. It had never derived substantial revenue from services rendered in Ohio. Trace American was retained to investigate West by the New York office of American Home Assurance.
The only contacts identified in the pleadings and affidavits between Trace American and Ohio, the forum state, were telephone calls placed by Trace American to a Harrison, Ohio, bowling alley. The telephone calls that formed the primary basis of West's invasion-of-privacy and infliction-of-emotional-distress claims were placed to West's home in Indiana. There was no evidence that the calls were made from Ohio.
The bowling-alley phone calls[7] and the other information contained in the pleadings and affidavits did not rise to the level required to demonstrate that Trace American had transacted business or supplied a service in Ohio, or that it had purposefully established minimum contacts with Ohio "such that [it] should [have] reasonably anticipate[d] being haled into court there."[8] Thus, the trial court did not err in dismissing West's claims pursuant to Civ. R. 12(B)(2).[9] The dismissal for lack of personal jurisdiction "operate[d] as a failure [of the claims] otherwise than on the merits[.]"[10]
West also asserts that the trial court erred by not treating Trace American's motion to dismiss as a motion for summary judgment when it considered matters outside the pleadings. There is no provision in the civil rules for the conversion of a *Page 5 
Civ.R. 12(B)(2) motion into a summary-judgment motion.[11] Here, the affidavit of Trace American's general manager concerned solely the lack of personal jurisdiction and not the facts of West's claims. The trial court had the inherent authority to consider this document for the limited purpose of determining its jurisdiction to proceed.[12] The first and third assignments of error are overruled.
In her second assignment of error, West argues that the trial court erred in granting Trace American's motion to dismiss for failure to state a claim upon which relief could be granted.
Unlike a dismissal for lack of personal jurisdiction, a dismissal under Civ.R. 12(B)(6) is an involuntary dismissal on the merits.[13]
But having dismissed Trace American on Civ.R. 12(B)(2) grounds, the trial court was without jurisdiction to reach the merits of any claims for relief against it.[14] Therefore, and for this reason only, we sustain the second assignment of error.
That portion of the trial court's judgment dismissing West's claims for lack of personal jurisdiction is affirmed. But we reverse that portion of the judgment granting Trace American's motion to dismiss for failure to state a claim.[15]
Judgment accordingly.
PAINTER, P.J., HENDON and CUNNINGHAM, JJ.
[1] See Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307,471 N.E.2d 165.
[2] See Goldstein v. Christiansen, 70 Ohio St.3d 232, 236,1994-Ohio-229, 638 N.E.2d 541
[3] See Giachetti v. Holmes, 14 Ohio App.3d at 307,471 N.E.2d 165.
[4] See Information Leasing Corp. v. Baxter, 1st Dist. No. C-020029, 2002-Ohio-3930, at ¶ 4.
[5] See R.C. 2307.382 and Civ.R. 4.3.
[6] See Goldstein v. Christiansen, 70 Ohio St.3d at 235,1994-Ohio-229, 638 N.E.2d 541.
[7] See Friedman v. Speiser, Krause Madole, P.C. (1988),56 Ohio App.3d 11, 14, 565 N.E.2d 607 (mail and telephone communications insufficient to confer personal jurisdiction).
[8] See R.C. 2307.382(A); World-Wide Volkswagen Corp. v. Woodson
(1980), 444 U.S. 286, 297, 100 S.Ct. 559.
[9] See Goldstein v. Christiansen, 70 Ohio St.3d at 235,1994-Ohio-229, 638 N.E.2d 541.
[10] Civ.R. 41(B)(4)(a).
[11] See Grossi v. Presbyterian Univ. Hosp. (1980), 4 Ohio App.3d 51,54, 446 N.E.2d 473.
[12] See Price v. Wheeling Dollar Savings and Trust Co. (1983),9 Ohio App.3d 315, 317, 460 N.E.2d 264; see, also, Jentzen v. LommaEnterprises, Inc. (June 8, 1994), 1st Dist. No. C-930346, andInterior Services, Inc. v. Iverson, 1st Dist. No. C-020501, 2003-Ohio-1187, at ¶ 7.
[13] See Civ.R. 41(B)(3).
[14] See MacConnell v. Safeco Prop., 2d Dist. No. 21147,2006-Ohio-2910, at ¶ 23-24.
[15] See App.R. 12(B). *Page 1