OPINION
{¶ 1} Meglan, Meglan and Company, Limited ("Meglan") is appealing the dismissal of its lawsuit against Robert C. Bostic and CapAtlantic Construction Corporation ("CapAtlantic"). Meglan assigns two errors for our consideration:
 I. THE TRIAL COURT ERRONEOUSLY GRANTED DEFENDANTS-APPELLEES' MOTION TO DISMISS FILED PURSUANT TO RULE 12(B)(2) OF THE OHIO RULES OF CIVIL PROCEDURE, BASED UPON A MISAPPLICATION OF THE CONTROLLING LAW AND WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING. *Page 2 
 II. THE TRIAL COURT ERRONEOUSLY GRANTED DEFENDANTS-APPELLEES' MOTION TO DISMISS FILED PURSUANT TO RULE 12(B)(2) OF THE OHIO RULES OF CIVIL PROCEDURE, BASED UPON THE ERRONEOUS CONCLUSION THAT PLAINTIFF-APPELLANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF PERSONAL JURISDICTION OVER DEFENDANTS-APPELLEES.
 {¶ 2} Because the two assigned errors heavily overlap, we will address them together.
 {¶ 3} Meglan filed its lawsuit originally on September 30, 2004, alleging that it was owed money from Abante Corporation ("Abante"), CapAtlantic, and Bostic for work Meglan performed at the Norfolk Naval Air Station. Meglan claimed damages of over $75,000 plus interest.
 {¶ 4} Certified mail service was obtained on Abante. Regular mail service was obtained upon CapAtlantic and Bostic.
 {¶ 5} On February 22, 2005, a default judgment was granted against all three named defendants. On March 3, 2005, counsel for CapAtlantic and Bostic first entered an appearance, moving for a stay of execution on the judgment and for the judgment to be set aside. The motion seeking to have the judgment set aside alleged "surprise, mistake, excusable neglect and for other reasons," under Civ.R. 60(B). The motion alleged that Bostic had been the only shareholder for Abante, which was now defunct and that Bostic was now the only shareholder of CapAtlantic. The motion further alleged that Bostic and CapAtlantic had not gotten the complaint until February 5, 2005, because of a mistake by the United States Postal Service. However, the record before us indicates that an L.D. Bostic signed for certified mail service of the complaint for Abante and for *Page 3 
Robert C. Bostic on October 9, 2004. The record indicates L.D. Bostic is the father or mother of Robert Bostic. L.D. Bostic sent a letter to the Clerk of Courts for Franklin County which indicates that he/she was in contact with his/her son.
 {¶ 6} As a part of the Civ.R. 60(B) motion on behalf of Bostic and CapAtlantic, counsel for these defendants alleged a lack of personal jurisdiction due to insufficient contacts between Bostic and CapAtlantic on the one hand and the state of Ohio on the other.
 {¶ 7} The trial court stayed execution of the judgment on March 8, 2005.
 {¶ 8} Carl Meglan, as managing partner of Meglan, filed an affidavit in which he itemized a list of contacts he had with Bostic in his role first as president and sole shareholder for Abante, and subsequently as president and sole shareholder for CapAtlantic. Bostic contacted Carl Meglan in Columbus, Ohio, as a consultant, communicated with Mr. Meglan and his company in Columbus on social occasions, encouraged Mr. Meglan and his company to continue working after Abante became insolvent, and paid Mr. Meglan by means of checks from CapAtlantic on two occasions. The affidavit of Mr. Meglan indicates that Bostic traveled to Columbus, Ohio to meet with Mr. Meglan "at least four to five times to work on the case/matter, this of which he was accompanied by his attorneys."
 {¶ 9} In response, Bostic filed a supplemental affidavit in which he denied that he promised to pay Mr. Meglan and his company for services rendered or that he (Bostic) ever paid any amount personally on the Abante bill. *Page 4 
 {¶ 10} The trial judge scheduled an evidentiary hearing on the motion to set aside the default judgment and subsequently overruled the motion, based in part upon testimony about the service of the complaint received by his father/mother L.D. Bostic, who, in turn, gave the complaint to him.
 {¶ 11} Bostic and CapAtlantic filed an appeal of the trial court's ruling. On May 9, 2006, a panel of this court reversed the ruling of the trial court, finding that Bostic's assertion via affidavit that he never promised to pay his former company's debts was sufficient to raise a meritorious defense and that the filing of a notice of appearance of counsel on behalf of Bostic and CapAtlantic required notice to counsel before default judgment could be rendered.
 {¶ 12} After the court reversed, counsel for Meglan filed an amended complaint. In response, counsel for CapAtlantic and Bostic filed a motion to dismiss, alleging that the trial court lacked jurisdiction over those defendants. Eventually, the trial court sustained the motion, which led to this appeal.
 {¶ 13} The parties and the trial court all agree on the legal standards to be applied when determining whether personal jurisdiction exists over a foreign individual or corporation. Relying on cases such as Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, the courts are to engage in a two-step process: (1) determine if Ohio's long-arm statute and civil rules grant jurisdiction; and (2) determine if granting jurisdiction to Ohio courts would violate due process of law under the Fourteenth Amendment to the United States Constitution. *Page 5 
 {¶ 14} "If the court decides the issue of jurisdiction without an evidentiary hearing, it must view the allegations in the pleadings and any evidentiary material most favorably towards the non-moving party and resolve all inferences in favor of the non-moving party. In the absence of a hearing, the plaintiff need only make a prima facie case to demonstrate jurisdiction in order to defeat a motion to dismiss."First Mutual Financial Corp. v. Family Savers of Mississippi, Inc. (June 29, 1999), Franklin App. No. 98AP-1436, citing Giachetti v. Holmes
(1984), 14 Ohio App.3d 306.
 {¶ 15} The trial court found that Bostic and CapAtlantic were transacting business for purposes of Ohio's long-arm statute, R.C.2307.382(A), but that the contacts between Meglan on the one hand and Bostic and CapAtlantic on the other were not sufficiently meaningful contacts, ties, or relations to satisfy the federal due process requirements.
 {¶ 16} We have analyzed this issue before in cases such asColumbus Show Case Co. v. CEE Contracting, Inc. (1992),75 Ohio App.3d 559. The federal standards have not appreciably changed in the intervening 15 years. We have asked that a plaintiff demonstrate that a defendant purposely availed himself of the privilege of acting in Ohio, that the claims for relief arose from actions in Ohio, and the contacts between the defendant and plaintiff make the exercise of jurisdiction reasonable. See both Columbus Show Case, idem., and Fritz Rumer CookeCo., Inc. v. Todd Sargent (Feb. 8, 2001), Franklin App. No. 00AP-817.
 {¶ 17} As to Bostic, these standards are clearly met. Bostic sought out Carl Meglan and his company in Ohio, had Mr. Meglan and his company perform services in Ohio, visited Mr. Meglan and his company in Ohio repeatedly, and paid them $10,000. *Page 6 
Jurisdiction over Bostic is completely appropriate and should have been maintained by the trial court.
 {¶ 18} As for CapAtlantic, the record shows that Bostic filed an affidavit in which he asserted that he was the president and sole shareholder of both Abante and CapAtlantic. According to the amended complaint, on or about May 30, 2003, CapAtlantic and Bostic, jointly and severally, agreed to absolutely and unconditionally guarantee to Meglan payment of all the obligations of Abante with respect to services rendered by Meglan in connection with the Norfolk Naval Air Station Renovation project. On or about December 16, 2003, counsel for Abante received gross settlement or award proceeds of $200,000 on behalf of Abante in connection with the Norfolk project. The next day, Abante's corporate counsel disbursed $133,333.33 of the proceeds to CapAtlantic at the direction of Abante, CapAtlantic, or Bostic.
 {¶ 19} Viewed in the light most favorable to appellant, the pleadings and affidavits establish that both Bostic and CapAtlantic had a contractual relationship with appellant, both defendants received services and benefits from appellant's work performed in Ohio, and both solicited appellant's services in Ohio. The amended complaint states that both defendants personally guaranteed payment for that work, and Mr. Meglan's affidavit states that CapAtlantic sent two payments to Ohio in partial satisfaction of these obligations. This satisfies Meglan's burden of making a prima facie case that both defendants transacted business in Ohio for purposes of Ohio's long-arm statute, and that both defendants have sufficient minimum contacts with Ohio to render the trial court's *Page 7 
exercise of personal jurisdiction over them reasonable. Therefore, the trial court erred in granting the defendants' motion to dismiss for lack of personal jurisdiction.
 {¶ 20} Accordingly, we sustain the second assignment of error as to both Robert C. Bostic and CapAtlantic, and overrule the first assignment of error as moot because, although stated slightly differently, the assignments of error are substantively identical.
Judgment reversed and remanded for further proceedings.
 SADLER, P.J., and WHITESIDE, J., concur. WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1