JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from the order of Judge Timothy McCormick that dismissed, for lack of personal jurisdiction, Marvel Consultants, Inc.'s ("Marvel") complaint against Friedman Feiger, LLP ("Friedman") for payment of a placement fee. Marvel contends that consent to such jurisdiction was contained in its Fee Policy which was accepted by Friedman when it hired a Marvel referral. We affirm.
 {¶ 2} Marvel is an employment/recruiter agency located in Woodmere. The record reveals that in April of 2001, Scott Anderson, a partner at a small Austin, Texas law firm, placed his resume on an Internet site, monster.com. It appears that, in response to Marvel's advertisement for a corporate counsel in Ohio, Anderson e-mailed a letter and resume to it on April 13, 2001. In September, 2001, Keith Minkin, an employee of Marvel, made an apparently unsolicited phone call to Lawrence Friedman, managing partner of Friedman, a Dallas, Texas law firm. After learning that Friedman was interested in hiring an attorney, he then called Scott Anderson who indicated that, under the right circumstances, he would be willing to join another firm. Minkin then had several conversations with each to determine the details of the employment and, when Anderson interviewed with Friedman, he was hired and was to be paid on the basis of the revenue he generated.
 {¶ 3} When Friedman refused to pay Marvel a commission, it sued Friedman for $45,000.00, plus interest at 10% per annum from October 1, 2001. Friedman answered and asserted lack of personal jurisdiction as one of its affirmative defenses. Friedman then, on that basis, moved to dismiss the complaint. The judge dismissed the complaint on the basis ofMarvel Consultants v. Gilbar Engineering.[1]
 {¶ 4} Marvel's sole assignment of error states:
"Upon defendant hiring Scott Anderson pursuant to the referral byplaintiff, defendant became bound by all of the terms and conditions ofplaintiff's fee policy which became the contract between the parties,specifically including but not limited to the forum selection provisionand the obligation to pay plaintiff's placement fee."
 {¶ 5} Unlike a Civ.R. 12(B)(6) motion to dismiss, one based upon lack of jurisdiction over the person may provide evidence outside the pleading. An Ohio court has the ability to determine its own jurisdiction by considering any pertinent materials attached to a motion questioning such jurisdiction without converting it into a motion for summary judgment.[2]
 {¶ 6} This court reviews a Motion to Dismiss de novo. Where the defense of lack of personal jurisdiction is asserted, the plaintiff has the burden to establish the court's jurisdiction.[3] While factual allegations are construed in his favor,[4] he must nevertheless first plead or otherwise make a prima facie showing of jurisdiction over the defendant's person.[5]
 {¶ 7} Friedman contends through affidavits that because it did not transact any business in Ohio and, because Marvel contacted it in Texas about the placement of a Texas attorney, it should pursue its remedy in Texas. Marvel contends that its Fee Policy sent to Friedman by Minkin and dated August 23, 2001, provides that:
"Your acceptance of referrals from us shall be conclusive evidence ofour schedule of charges, terms and conditions, unless we have signed awritten modification. * * * You consent to the jurisdiction of thecourts of the State of Ohio, and agree that its laws shall govern ourrelationship."
It asserts that Friedman neither disputed nor objected to the terms of the policy and, upon hiring Anderson, it consented to Ohio being the forum for any dispute and entered into a binding contract to pay the contingent placement fee. A foreign corporation submits to the personal jurisdiction of an Ohio court if its activities lead to transacting any business in Ohio.[6]
 {¶ 8} "When determining whether a state court has personal jurisdiction over a foreign corporation, the court is obligated to engage in a two-step analysis. First, the court must determine whether the state's "Long arm" statute and applicable civil rule confer personal jurisdiction. If so, the court must then consider whether finding jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution."[7]
 {¶ 9} A nonresident corporation submits to a state's personal jurisdiction when the activities of the company within the state are systematic and continuous.[8] While the casual presence of a corporate agent or a single or isolated act is not enough, "other such acts, because of their nature and quality and the circumstances of their commission, may be deemed sufficient to render the corporation liable to suit."[9] The Ohio Supreme Court adopted the basic principle ofInternational Shoe, supra, stating due process is satisfied when "a foreign corporation has certain minimum contacts with Ohio such that it is fair that a defendant defend a suit brought in Ohio and that substantial justice is done."[10]
 {¶ 10} Friedman's dealings with Ohio were neither continuous nor systematic, initially unsolicited and appear to have originated only in Ohio. In Marvel Consultants Inc. v. Gilbar Engineering, Inc.,[11] which the judge relied upon in granting the motion to dismiss, the identical Fee Policy form was the basis for a similar claim against a Michigan corporation. We found that the forum selection clause in the standard fee schedule was not fairly bargained for but merely a part of a fee schedule faxed to the defendant as a result of a single unsolicited telephone contact about a possible placement. There, as in the case sub judice, there was no evidence that Friedman conclusively agreed to the fee schedule "or consented to the forum selection clause set forth therein."[12] Further, we do not find that Friedman had or made the required minimum contacts that would subject it to the in personam jurisdiction of Ohio courts. This assignment of error is overruled.
Judgment affirmed.
Ann Dyke, J., And Timothy E. McMonagle, J., Concur.
[1] (Jan. 22, 1998), Cuyahoga App. No. 72666.
[2] Southgate Development Corp. v. Columbia Gas Transmission Corp.
(1976), 48 Ohio St.2d 211, 358 N.E.2d 526.
[3] Jurko v. Jobs Europe Agency (1975), 43 Ohio App.2d 79, citing KVOSv. Associated Press (1936), 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.ED. 183.
[4] Glass v. McCullough Transfer Co. (1953), 159 Ohio St. 505,509, 115 N.E.2d 78.
[5] Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303,272 N.E.2d 127.
[6] R.C. 2307.382(A)(1).
[7] U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods,Inc., 68 Ohio St.3d 181, 183-184, 1994-Ohio-504, 624 N.E.2d 1048.
[8] International Shoe v. Washington (1945), 326 U.S. 310,66 S.Ct. 154, 90 L.Ed. 95.
[9] Id.
[10] Wainscott v. St. Louis-San Francisco Ry. Co. (1976),47 Ohio St.2d 133, 351 N.E.2d 466.
[11] (Jan. 22, 1998), Cuyahoga App. No. 72666.
[12] Marvel, (Jan. 22, 1998), Cuyahoga App. No. 72666 at page 8.