OPINION
{¶ 1} Plaintiffs-appellants, Mark and Charise Palermo, appeal from a Mahoning County Common Pleas Court judgment granting a motion to dismiss in favor of defendants-appellees, Yourga Trucking Company (Yourga) and M.E. Doutt, and defendant Titan Leasing Company (Titan), for lack of personal jurisdiction.
 {¶ 2} In January 1999, appellants and appellees executed a Release, Settlement, and Confidentiality Agreement (Agreement) in order to settle appellants' complaint against appellees in federal court. Appellees are a Pennsylvania corporation and a Pennsylvania resident. Neither party owns land in Ohio.
 {¶ 3} Appellants filed a complaint against appellees and Titan on December 24, 2002 for breach of contract, alleging they breached the Agreement. Appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(2) alleging that the Ohio trial court lacked personal jurisdiction over them. On November 4, 2004, the court granted appellees' motion to dismiss. It found that appellees did not execute the Agreement for the purpose of transacting business in Ohio, but instead to settle a dispute. It also noted that the Agreement was signed and negotiated in Pennsylvania. Appellants filed a notice of appeal on December 3, 2004.
 {¶ 4} Appellants raise one assignment of error, which states:
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' 12(B)(2) MOTION TO DISMISS."
 {¶ 6} Appellants argue that the trial court should have denied appellees' motion to dismiss because appellees transacted business in Ohio, thereby establishing sufficient minimum contacts with Ohio for personal jurisdiction.
 {¶ 7} R.C. 2307.382(A)(1) provides, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state."
 {¶ 8} Appellants argue that entering into a contract is sufficient to satisfy the "transacting any business" requirement. Since the parties executed the Agreement in Youngstown, appellants contend that the Agreement is sufficient to constitute "transacting any business." Furthermore, appellants argue that appellees partially performed the Agreement by issuing a check payable to a trust account located in Youngstown. Appellants also assert that active participation at an Ohio situs constitutes "transacting business" in Ohio.
 {¶ 9} Whether a trial court has personal jurisdiction over a defendant is a matter of law which appellate courts review de novo. Info. LeasingCorp. v. Jaskot, 151 Ohio App.3d 546, 784 N.E.2d 1192, 2003-Ohio-566 at ¶ 9.
 {¶ 10} When the defense of lack of personal jurisdiction is asserted in a motion to dismiss, the plaintiff bears the burden to establish that the court has jurisdiction. Sessoms v. Goliver, 6th Dist. No. L-04-1159,2004-Ohio-7077, at ¶ 22. When a trial court decides a Civ.R. 12(B)(2) motion without a hearing, the plaintiff need only make a prima facie showing of personal jurisdiction, while a decision made following an evidentiary hearing requires that the plaintiff offer proof by a preponderance of evidence. American Office Services, Inc. v. SircalContracting, Inc., 8th Dist. No. 82977, 2003-Ohio-6042, at ¶ 7.
 {¶ 11} In this case, the trial court did not hold a hearing on the motion. Therefore, appellants were only required to make a prima facie showing of personal jurisdiction. Additionally, the court was required to view the allegations in the pleadings and documentary evidence most strongly in appellants' favor. Clark v. Connor (1998), 82 Ohio St.3d 309,312, 695 N.E.2d 751.
 {¶ 12} The determination of whether a state court has personal jurisdiction over a foreign corporation is a two-step process. First, the court must determine whether the state's long-arm statute and applicable civil rule confer personal jurisdiction. U.S. Sprint Communications Co.Ltd. Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 183-84,624 N.E.2d 1048. Second, the court must consider whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. Id. at 184. Under this second part of the analysis, the court must determine whether the nonresident possesses certain minimum contacts with the state so that the suit does not offend traditional notions of fair play and substantial justice. Clark,82 Ohio St.3d at 313-14, citing Internatl. Shoe Co. v. Washington
(1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.
 {¶ 13} As stated above, under Ohio's long-arm statute, an Ohio court has personal jurisdiction over a person if his or her activities lead to "transacting any business" in Ohio. R.C. 2307.382(A)(1). This section also applies to foreign corporations. U.S. Sprint, 68 Ohio St. 3d at 185. Likewise, Civ.R. 4.3(A)(1) authorizes a court to exercise personal jurisdiction over a nonresident defendant and provides for service of process to effectuate that jurisdiction if the claim arose from the nonresident defendant's "[t]ransacting any business in this state."
 {¶ 14} In the present case, appellants did not make a prima facie showing of personal jurisdiction. Both parties attached affidavits to their motion to dismiss and response to the motion to dismiss, respectively.
 {¶ 15} Appellees offered Doutt's affidavit. In it, Doutt, the Human Resources Director of Yourga, stated the following. Yourga is a Pennsylvania corporation with its principal place of business in Pennsylvania. Doutt is a resident of Pennsylvania. Neither owns land in Ohio. The Agreement was entered into to settle a lawsuit filed by appellants in the United States District Court for the Northern District of Ohio. The Agreement was negotiated and signed in Pennsylvania.
 {¶ 16} Appellants offered Mark Palermo's affidavit. In it, he stated the following. The actual settlement that was subsequently memorialized in the Agreement was made between the parties in the chambers of U.S. District Court Judge Peter Economus, located in Youngstown, Ohio. Appellees partially performed the Agreement by issuing a settlement check to a trust account of Harrington, Hoppe Mitchell, Ltd., located in Youngstown, Ohio. Appellants were paid by check from this account.
 {¶ 17} In response, appellees offered Attorney Kevin Murphy's affidavit. Murphy, the attorney representing appellees, stated the following. Appellees executed a settlement check from their office in Wheatland, Pennsylvania. Murphy received the check at his office in Warren, Ohio and deposited it into Harrington, Hoppe Mitchell's trust account, also located in Warren. A settlement check was then issued from the Warren trust account to appellants through their counsel. Murphy attached copies of the checks to his affidavit. One discrepancy is apparent in these affidavits. Palermo stated that the settlement negotiations that led to the Agreement took place in Ohio. Doutt stated that the negotiations took place in Pennsylvania. Since we must construe the evidence in appellants' favor, we will presume that settlement negotiations took place in Ohio and that the Agreement was signed in Pennsylvania. However, even given this presumption, appellants did not establish that appellees transacted business in Ohio.
 {¶ 18} When determining whether a defendant falls within the reach of the long-arm statute, a court should consider three factors: (1) the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence there; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Krutowsky v. Simonson
(1996), 109 Ohio App.3d 367, 370, 672 N.E.2d 219.
 {¶ 19} At least one other court has found that negotiating a settlement in Ohio, without more, did not rise to the level of a defendant intentionally availing himself of the privilege of acting in Ohio. Rex Humbard Foundation v. Van Voorhis (Jan. 14, 1998), 9th Dist. No. 2625-M. In that case, one of the defendants mistakenly mailed two interest checks to the plaintiff in Ohio instead of to a party in Massachusetts, to which the plaintiff had assigned its interest. The defendant subsequently sent demand letters to the plaintiff in Ohio and his attorney traveled to Ohio to negotiate a settlement. The plaintiff filed a declaratory judgment action against the defendant in Ohio. The trial court dismissed the complaint for lack of personal jurisdiction. On appeal, the Ninth District affirmed. It found that the defendant mistakenly mailing estate funds to the plaintiff in Ohio and his attorney entering Ohio to negotiate a settlement regarding the mistaken mailing of funds did not constitute the defendant intentionally availing himself of the privilege of acting in Ohio. Additionally, the court found that the defendant's acts, or consequences caused by him, did not have a substantial connection to Ohio to make personal jurisdiction over him reasonable.
 {¶ 20} Here, appellees did not purposely avail themselves of the privilege of acting in the forum state. They entered into settlement negotiations in Ohio in order to settle a lawsuit filed against them by appellants. They did not file the lawsuit. Appellees had no choice but to respond to the lawsuit. Furthermore, appellees entered into the settlement negotiations to end the litigation brought by appellants. By so responding, appellees did not "purposely" avail themselves of acting in Ohio.
 {¶ 21} Appellees have no other connection to Ohio. Yourga is a Pennsylvania corporation with its principal place of business in Pennsylvania and Doutt is a Pennsylvania resident. Neither owns property in Ohio. And the Agreement, although negotiated in Ohio, was ultimately entered into in Pennsylvania. But for the lawsuit filed by appellants, appellees would have no contacts with Ohio whatsoever. Thus, to find that appellees' acts in negotiating a settlement and issuing a check pursuant to the subsequent agreement subjected them to Ohio's long-arm statute would be unreasonable.
 {¶ 22} Accordingly, appellants' assignment of error is without merit.
 {¶ 23} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., DeGenaro, J., concurs.