OPINION
{¶ 1} In February of 2003, appellee, Communication Exhibits, Inc., a corporation located in Canal Fulton, Ohio, provided business services to Windstone Medical, Inc., a Montana corporation. In October of 2003, appellant, Windstone Medical Packaging, Inc., also a Montana corporation, purchased certain assets of Windstone Medical, Inc. Between October 2003 and November 2004, appellant sent five checks to appellee for outstanding payables.
 {¶ 2} On July 14, 2005, appellee filed a complaint against appellant in the Massillon Municipal Court in Stark County, Ohio, alleging a claim on account in the amount of $9,132.15. A default judgment was granted on August 26, 2005. On September 20, 2005, appellant filed a motion to vacate, arguing lack of personal jurisdiction. A hearing was held on October 25, 2005. By order filed October 26, 2005, the trial court vacated the default judgment, and found it had jurisdiction as appellant conducted business in Ohio.
 {¶ 3} On December 15, 2005, appellee filed a motion for summary judgment. On December 30, 2005, appellant filed a response and cross-motion for dismissal, again arguing the issue of personal jurisdiction. By order filed January 5, 2006, the trial court granted summary judgment to appellee, awarding appellee as against appellant $9,132.15 plus interest.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN EXERCISING PERSONAL JURISDICTION OVER APPELLANT AND, THUS, REFUSING TO GRANT APPELLANT'S MOTION TO DISMISS, TO APPELLANT'S PREJUDICE."
 II {¶ 6} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT, FINDING THE APPELLANT WAS LIABLE UNDER SUCCESSOR LIABILITY PRINCIPLES, TO APPELLANT'S PREJUDICE."
 I {¶ 7} Appellant claims the trial court erred in denying its motion to dismiss. We agree.
 {¶ 8} A court must have personal jurisdiction over a defendant in order to hear and determine an action. Maryhew v.Yova (1984), 11 Ohio St.3d 154. A trial court's determination of whether personal jurisdiction over a party exists is a question of law, and appellate courts review questions of law under a de novo standard of review. Information Leasing Corp. v. Jaskot,151 Ohio App.3d 546, 2003-Ohio-566.
 {¶ 9} Appellant argues the trial court lacked personal jurisdiction as appellee failed to establish that appellant had "minimum contacts" with the state of Ohio.
 {¶ 10} In order to claim personal jurisdiction over a foreign corporation, the claimant, appellee herein, must establish appellant has had minimum contacts in the forum state, Ohio, so that "the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington
(1945), 326 U.S. 310, 316.
 {¶ 11} The burden of establishing jurisdiction rests upon the party asserting the existence of jurisdiction, appellee sub judice. Jurko v. Jobs Europe Agency (1975), 43 Ohio App.2d 79.
 {¶ 12} Appellee argues the sending of five checks from appellant to appellee in Ohio established "minimum contacts" for personal jurisdiction. Appellant argues the mailing of these checks is insufficient to establish "transacting business" in Ohio pursuant to the Ohio long-arm statute, R.C. 2307.382(A)(1), which states the following:
 {¶ 13} "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 {¶ 14} "(1) Transacting any business in this state."
 {¶ 15} In addition, Civ.R. 4.3(A)(1) states the following:
 {¶ 16} "Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. `Person' includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 {¶ 17} "(1) Transacting any business in this state."
 {¶ 18} The gravamen of this assignment is whether the record demonstrates that appellant transacted business in Ohio. In its order filed October 26, 2005, the trial court specifically found appellant "conducted business in Ohio." During the October 25, 2005 hearing on appellant's motion to vacate, no evidence was presented nor was sworn testimony given. It is clear from the transcript that the trial court relied on the exhibits in appellee's response to the motion to vacate to make its decision. T. at 27. These exhibits included the five checks sent from appellant to appellee, Exhibits 3, 4, 5, 6 and 7.
 {¶ 19} Courts within this state having consistently held the mailing of checks from an out-of-state party is insufficient to establish personal jurisdiction. Palermo v. Titan Leasing Co.
(November 2, 2005), Mahoning App. No. 04-MA-267, 2005-Ohio-5931;Rex Humbard Foundation v. Van Voorhis (January 14, 1998), Summit App. No. 2625-M; Goldstein v. Opolka (November 13, 1990), Franklin App. No. 90AP-492.
 {¶ 20} Absent any evidence beyond the mailing of checks to an Ohio party, appellee failed to establish its burden.
 {¶ 21} Upon review, we conclude the trial court should have dismissed the complaint for lack of personal jurisdiction.
 {¶ 22} Assignment of Error I is granted.
 II {¶ 23} Appellant claims the trial court erred in granting summary judgment to appellee. Given our disposition of the personal jurisdiction issue, we find this assignment to be moot.
 {¶ 24} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby reversed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court of Stark County, Ohio is reversed.