JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Epic Communications, appeals from an order of the Cuyahoga County Court of Common Pleas that dismissed a complaint against defendant-appellee, ANS Connect, a Georgia corporation, for lack of personal jurisdiction. Finding no error in the proceedings below, we affirm.
 {¶ 2} Appellant, a consulting firm located in Cuyahoga County, and appellee, a vendor in Georgia, entered into a contract for consulting services regarding a federal program that provides grant money to school districts and libraries. Appellee provided technological equipment to the Georgia school districts under the federal program. Appellant alleges that it provided consulting services to appellee. Appellee refused to pay for services rendered; consequently, appellant filed suit in Cuyahoga County Court of Common Pleas on May 9, 2006.
 {¶ 3} On July 6, 2006, appellee filed a motion to dismiss for lack of personal jurisdiction, which was denied. Thereafter, appellee filed an answer, still maintaining the affirmative defenses of lack of personal jurisdiction and failure to commence for lack of service.
 {¶ 4} Appellee was granted leave to file a subsequent motion to dismiss for lack of jurisdiction. The motion to dismiss was granted. Appellant appealed, advancing one assignment of error for our review, which states the following:
 {¶ 5} "The trial court erred when it dismissed appellant's complaint for lack of jurisdiction." *Page 4 
 {¶ 6} This court reviews a motion to dismiss de novo. The plaintiff has the burden to establish the court's jurisdiction when the defense of lack of personal jurisdiction is asserted. While factual allegations are construed in the plaintiff's favor, he must nevertheless first plead or otherwise make a prima facie showing of jurisdiction over the defendant's person. Marvel Consultants, Inc. v. Friedman Feiger, Cuyahoga App. No. 82637, 2003-Ohio-5249.
 {¶ 7} Appellant argues that appellee was transacting business in Ohio because appellee negotiated the contract by telephone contact with appellant, an Ohio-based corporation, and appellee was obligated to make payments to appellant in Ohio. Also, appellant contends that appellant performed all of its work for appellee in Cleveland, Ohio.
 {¶ 8} Appellee contends that it did not initiate the contact between the parties and that appellee was approached by appellant's representative in Georgia. Appellee signed the contract in Georgia and faxed it to Ohio.
 {¶ 9} The court is obligated to engage in a two-step analysis to determine whether a state court has personal jurisdiction over a foreign corporation. "First, the court must determine whether the state's `Long arm' statute and applicable civil rule confer personal jurisdiction. If so, the court must then consider whether finding jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the *Page 5 
United States Constitution." U.S. Sprint Communications Co. Ltd. Partnership v. Mr.K's Foods, Inc., 68 Ohio St.3d 181, 183-184, 1994-Ohio-504.
 {¶ 10} A foreign corporation submits to the personal jurisdiction of an Ohio court if its activities lead to transacting any business in Ohio. R.C. 2307.382(A)(1). Civ. R. 4.3(A)(1) authorizes out-of-state service of process on a defendant who is transacting any business in the state.
 {¶ 11} Because the "transacting any business" clause is so broad, each case must be decided on its particular facts. Goldstein v.Christiansen, 70 Ohio St.3d 232, 236, 1994-Ohio-229. Transacting business encompasses "carrying on" business and "having dealings" within Ohio. Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Inc. (1990),53 Ohio St.3d 73, 559 N.E.2d 477, 480. For purposes of personal jurisdiction, the mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio. U.S. SprintCommunications Co. Partnership, supra at 185, citing Wainscott v. St.Louis-San Francisco Ry. Co. (1976), 47 Ohio St.2d 133. Further, a contract with an out-of-state party, standing alone, is not sufficient to establish minimum contacts. Burger King Corporation v. Rudzewicz
(1985), 471 U.S. 462. Instead, as the United States Supreme Court has stated, a nonresident's ties must "create a `substantial connection' with the forum State." Id.
 {¶ 12} Here, appellant fails to set forth sufficient evidence to persuade the court that it may exercise personal jurisdiction over appellee. The fact that the *Page 6 
appellee's communications were via e-mail, mail, and facsimile with appellant in Ohio does not establish the minimum contacts necessary to exercise personal jurisdiction over appellee. Appellee did not solicit business from appellant; rather, appellant solicited business from appellee in the state of Georgia. Appellee worked in Georgia. It is the actions of the defendant that determine whether there is a "substantial connection" with the forum state. We agree with the trial court and find that appellee's actions did not establish the minimum contacts necessary to confer personal jurisdiction. See, also, Alpha Telecommunications,Inc. v. ANS Connect, Cuyahoga App. No. 90173, 2008-Ohio-3069 (finding insufficient contacts in an identical case).
 {¶ 13} Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
 JAMES J. SWEENEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1