JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is an appeal from an order dismissing a breach of contract action for want of personal jurisdiction. Plaintiff-appellant, National Court Reporters, Inc. ("National"), is an Ohio corporation that contracted with defendant-appellee, Rebecca N. Strandberg and Associates ("Strandberg"), a Maryland law firm, to perform court reporting and litigation support services. When Strandberg allegedly failed to pay amounts owed on the account, National brought this action in the state court. Strandberg filed a Civ. R. 12(B)(2) motion to dismiss the complaint on personal jurisdiction grounds, arguing that it lacked minimum contacts with the state of Ohio because its only contacts with the state were by telephone and fax to National's central office in Ohio. The court dismissed the complaint, finding that the telephone, fax, and internet solicitations made between the parties were insufficient to establish the minimum contacts necessary to extend personal jurisdiction to a Maryland resident. National's sole assignment of error contests that ruling.
 {¶ 2} We use a two-step process to analyze claims of personal jurisdiction for out-of-state residents: did Strandberg's conduct fall within the "long-arm" statute, R.C. 2307.382 or Civ. R. 4.3, and if so, would the exercise of personal jurisdiction comport with the Due Process Clause of the Fourteenth Amendment *Page 4 
to the United States Constitution. See Kentucky Oaks Mall Co. v.Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75.
 {¶ 3} As applicable here, the long-arm statute states that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's *** [t]ransacting any business in this state[.]" See R.C. 2307.382(A)(1). Civ. R. 4.3(A)(1) likewise provides for service of process outside of Ohio upon a nonresident person who, either directly or by an agent, caused a claim which arose from that person's "transacting any business in this state[.]"
 {¶ 4} Both R.C. 2307.382(A)(1) and Civ. R. 4.3(A)(1) contain "broad" language, the import of which "permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." KentuckyOaks, supra. The supreme court has broadly defined the phrase "transacting any business" as "to prosecute negotiations; to carry on business; to have dealings ***. The word embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word `contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion." Id. at 75, quoting Black's Law Dictionary (5 Ed. 1979) 1341. The "breadth" of the phrase "transacting any business" has led the courts to resolve questions concerning the applicability of R.C. 2307.382(A)(1) and Civ. R. 4.3(A)(1) on "highly particularized fact situations[.]" Clark v.Connor, 82 Ohio St.3d 309, *Page 5 
312, 1998-Ohio-385, citing U.S. Sprint Communications Co., Ltd.Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 185.
 {¶ 5} The evidence offered both in support of and in opposition to the motion to dismiss is not contested. Strandberg is located in Maryland; National is located in Middleburg Heights, Ohio. National's website states that it offers court reporting and other litigation support in all 50 states and various metropolitan areas. Under a separate web page for "Maryland Court Reporters" the site states that "[f]inding a talented and effective court reporter in Maryland just got easier *** a single phone call gets you everything you need." The site lists a toll-free telephone number to National's Ohio office and an online form for contact information.
 {¶ 6} Strandberg required deposition services in both Maryland and Kansas for a civil case filed in the Montgomery County Circuit Court, located in Rockville, Maryland. While pricing court reporting alternatives, a Strandberg employee visited National's website, submitted National's online contact form and called the toll-free number. The parties agreed to a price and the depositions were handled by local court reporters in Kansas and Maryland — not by court reporters from Ohio.
 {¶ 7} During the course of agreeing on a price and scheduling the depositions, Strandberg and National exchanged faxes and telephone calls between Maryland and Ohio. Strandberg sent seven faxes to National using a *Page 6 
fax number with a toll-free "866" area code — the same fax number given on National's website. It is unclear what telephone number Strandberg used, although the cover sheet for National's faxes listed the "sender's" area code as "440" — an area code which covers parts of Northeast Ohio. The fax cover sheets used by National listed its address as being in "Cleveland, Ohio." Strandberg mailed one payment to National at the Cleveland, Ohio address and sent one letter to National, although the exhibit memorializing this letter only lists the addressee as "National Court Reporters, Inc." with no street address given.
 {¶ 8} We conclude that the court erred by finding that the letters, faxes, and telephone conversations between Maryland and Ohio were insufficient to show that Strandberg transacted business in Ohio. We have noted that Ohio's long-arm statute "has been interpreted as intending to extend the jurisdiction of Ohio courts to the fullest extent possible without violating due process. Reliance Elec. Co. v.Kock's Crane and Marine Co. (June 27, 1983), Cuyahoga App. No. 48721, citing In-Flight Services Corp. v. Van Dusen Air, Inc. (C.A.6, 1972),446 F. 2d 220. See, also, Tui Rose v. U.S. Vend, Snak Stix, Inc. (Jan. 14, 1993), Cuyahoga App. No. 61626. Regardless of whether Strandberg knew that it was dealing with an Ohio company, the fact remains that it did "transact" business within this state under the broad definition used in Kentucky Oaks. The parties entered into negotiations for court reporter and litigation support services, they reached an agreement on those services, and they memorialized their contract *Page 7 
with faxes and telephone calls. Strandberg sent a payment to National's Ohio address. These were not one-time events, but part of a month-long course of dealing in which National provided court reporter services on several occasions and for multiple depositions scheduled both in Maryland and in Kansas. These acts were "business negotiations" and thus constituted "transacting any business" for purposes of R.C. 2307.382(A)(1). See Directory Concepts, Inc. v. Smith, Crawford App. No. 3-03-35, 2004-Ohio-3666 (finding that negotiations conducted by mail, telephone, and fax constituted "transacting any business" within the state).
 {¶ 9} Although we are to construe the long-arm statute broadly, we may not do so in such an all-encompassing way that the exercise of personal jurisdiction offends due process. For purposes of personal jurisdiction, "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Internatl. Shoe Co. v. Washington
(1945), 326 U.S. 310, 316. These notions of "fair play" apply in cases when a party "purposefully *** [avails] itself of the privilege of conducting activities within the forum State[.]" Hanson v. Denckla
(1958), 357 U.S. 235, 253. We judge whether a person has established "minimum contacts" with a jurisdiction by focusing on "the relationship among the defendant, the forum, *Page 8 
and the litigation[.]" Shaffer v. Heitner (1977), 433 U.S. 186, 204. Sufficient minimum contacts between the out-of-state defendant and the forum state exist when the defendant should reasonably anticipate being haled into court there. World-Wide Volkswagen Corp. v. Woodson (1980),444 U.S. 286, 297. This requires a case-by-case analysis of the facts. See U.S. Sprint, 68 Ohio St.3d at 186.
 {¶ 10} In Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, the United States Supreme Court stated that a contract with an out-of-state party, standing alone, is not sufficient to establish minimum contacts — a nonresident's ties must establish a "`substantial connection' with the forum State." Id. at 475, quoting McGee v. Internatl. Life Ins.Co. (1957), 355 U.S. 220, 223. Using this standard, we find that even though Strandberg transacted business within the state, it did not have a substantial connection with Ohio.
 {¶ 11} The trial court correctly noted that National solicited Strandberg's business by way of its internet website and online contact information form. Nothing in that website suggested that National was an Ohio company and that National's customers would be doing business in Ohio. Instead, Strandberg was arguably led to believe that any transaction would take place in Maryland given National's online representation that "[f]inding a talented and effective court reporter in Maryland just got easier *** a single phone call gets you everything you need." The telephone and fax numbers supplied by National were toll-free *Page 9 
numbers and gave no indication of where National was located. The court reporters that National supplied were located in Maryland.
 {¶ 12} Strandberg merely responded to advertising placed over the internet by National (advertising intended to reach all 50 states). Its contacts with Ohio were nonexistent apart from the telephone calls and faxes sent when coordinating deposition dates and the single payment mailed to National. Telephone and fax communications to a forum state are insufficient to confer personal jurisdiction. See EpicCommunications v. ANS Connect, Cuyahoga App. No. 90364, 2008-Ohio-3548
(e-mail, mail, and facsimile communications with Ohio party did not establish minimum contacts with Ohio); Friedman v. Speiser, Krause Madole, P.C. (1988), 56 Ohio App.3d 11, 14. Likewise, Strandberg's act of mailing a single payment for the court reporting services to Ohio did not create a significant enough connection to Ohio to constitute a minimum contact with this state. Communications Exhibits, Inc. v.Windstone Med. Packaging, Inc., Stark App. No. 2006CA00038,2006-Ohio-4998 (mailing checks to forum state insufficient to establish personal jurisdiction).
 {¶ 13} Strandberg did not take advantage of any privileges or benefits provided by this state, and Ohio has no great interest in being the situs of the litigation. It appears that National did not provide Strandberg with court reporters under its direct employment, but acted as a referral service and used court reporters from the locale in which the depositions were scheduled. *Page 10 
Because National used local court reporters, Strandberg did not purposely direct any activities to the forum state. It could not foresee that it would be required to litigate in Ohio any potential contractual issues relating to Maryland or Kansas court reporters.
 {¶ 14} Finally, Ohio has no particular interest in being the situs of litigation. The parties have not indicated whether their contract expressed a choice of law provision. But even if it did, this contract case does not raise unique legal issues — it could be consistently decided in any jurisdiction within this country under familiar common law contract principles. While Ohio has an interest in seeing that its citizens receive the benefits of bargains made by contract, KentuckyOaks, 53 Ohio St.3d at 78, National has offered no argument that its contractual rights would be adversely affected were its claims to be resolved in the courts of another state. There is no compelling reason to favor Ohio courts over those of another state.
 {¶ 15} Finding no error with the court's refusal to extend long-arm jurisdiction to Strandberg, the assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1